IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER BOSTICK #556296, | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-01041 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| WARDEN BYRD, et al., | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

Christopher Bostick, an inmate of the Trousdale Turner Correctional Facility in Hartsville, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The matter is before the Court for a ruling on Plaintiff's application to proceed in forma pauperis (IFP). (Doc. No. 2.) The complaint is also before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA). 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e.

### I.    APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, the Court **GRANTS** his motion (Doc. No. 2) to proceed IFP in this matter.

Plaintiff is still responsible for paying the full filing fee, however, as required by Section 1915(b). The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be

paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the warden of the facility where Plaintiff is currently incarcerated to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. INITIAL REVIEW

Title 28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that he fell off his bunk on June 26, 2020, "after multiple attempts to have [his] eyes fixed." (Doc. No. 1 at 6.) He went to medical, where a doctor told him he had a possible sprain, and he received crutches and acetaminophen. (*Id.*) Plaintiff was "never called back to medical even after multiple complaints," and his grievance was rejected as inappropriate. (*Id.*)

3

Case 3:20-cv-01041 Document 4 Filed 12/09/20 Page 3 of 6 PageID #: 24

Plaintiff wrote a letter of complaint to the warden and several other prison officials "explaining the situation," but nothing was done. (*Id.*) Plaintiff sues the doctor, the warden, and the other officials to whom he wrote or submitted his grievance for $1 Million in damages. (*Id.* at 2–3, 7.) He also demands to see an eye doctor at Vanderbilt to "begin the process of corrective surgery" and to have an ankle x-ray so he "can know if any permanent damage was done." (*Id.* at 7.)

Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment rights of convicted inmates or the Fourteenth Amendment rights of pretrial detainees. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Miller*, 408 F.3d at 812. A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). And the "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. *Farmer*, 511 U.S. at 837. Mere allegations of medical malpractice or negligent diagnosis and treatment do not state an Eighth Amendment claim for cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5).

4

Plaintiff's allegations do not satisfy this standard. He does not allege that any health care professional has diagnosed an eye condition that requires surgery or even allege what eye condition he has. He does not explain how any such condition was a factor in his fall. And he does not allege any basis for presuming that crutches and acetaminophen were insufficient treatment for the diagnosed sprain. He alleges that he repeatedly asked to go back to medical, but he does not allege that he was experiencing or complaining about any serious medical need. Plaintiff thus fails to state a viable claim under the Eighth Amendment for deliberate indifference to serious medical needs.

Even if Plaintiff had otherwise stated a claim with regard to his medical care, he would have no resulting claim against the defendants who simply handled his grievance or failed to act in response to his letter. Although inmates retain a general right to petition the government for redress of grievances, *Turner v. Safley*, 482 U.S. 78, 84 (1987), they do not have an inherent constitutional right to any particular state-created grievance procedure or even to an effective grievance procedure. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (affirming dismissal of claim that jail staff ignored grievances because inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure"). Accordingly, Plaintiff's allegations about the rejection of his grievance and ignoring his complaint letter do not state any claim for relief.

### III. CONCLUSION

This action is therefore **DISMISSED** for failure to state a claim upon which relief can be granted. This dismissal is without prejudice to Plaintiff's ability to file an amended complaint, accompanied by a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

59(e), if he can allege sufficient facts to state a claim in light of the standards explained above. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (internal quotation marks and citations omitted)). Any appeal from this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

    IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE