IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER BOSTICK #556296, | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-01041 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| WARDEN BYRD, et al., | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

On December 9, 2020, the Court granted Plaintiff's Application to Proceed In Forma Pauperis but dismissed his Complaint for failure to state a claim upon which relief could be granted. (Doc. No. 4.) In its Order dismissing the lawsuit, the Court notified Plaintiff of the option to file a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, in conjunction with a post-judgment motion to amend his complaint under Rule 15(a)(2), if he could allege facts sufficient to state a claim in light of the applicable standards. (*Id.* at 5–6.)

This matter is back before the Court on Plaintiff's Motion to Alter or Amend Judgment and Motion to Amend Complaint. (Doc. No. 5, 6.) Amendment after a *sua sponte* dismissal should be permitted if "the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief." *See Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011) (encouraging dismissal with leave to amend in circumstances where it appears possible that the party can overcome his pleading deficiencies). Because, as explained below, the information provided in Plaintiff's would be sufficient to state nonfrivolous claims for relief, his motions (Doc. Nos. 5, 6) are **GRANTED**, and the Clerk is **DIRECTED** to reopen this matter on the Court's

docket.

Plaintiff originally alleged that he fell off his bunk on June 26, 2020, "after multiple attempts to have [his] eyes fixed," was given crutches and acetaminophen for a possible sprain, and received no further treatment despite multiple complaints. (Doc. No. 1 at 6.) He sued the doctor, the warden, and the other officials to whom he wrote or submitted his grievance for $1 Million in damages. (*Id.* at 2–3, 7.) He also demanded to see an eye doctor at Vanderbilt to "begin the process of corrective surgery" and to have an ankle x-ray so he "can know if any permanent damage was done." (*Id.* at 7.) After explaining the applicable legal standard, the Court found Plaintiff failed to state a claim for deliberate indifference to medical needs because he did not allege any serious diagnosed eye condition, explain how any such condition was a factor in his fall, or explain why crutches and acetaminophen were insufficient treatment for the diagnosed sprain. (Doc. No. 4 at 4–5.)

In his Motion to Amend, Plaintiff adds material factual details relevant to his claims. He asserts that he has been diagnosed with keratoconus in his eyes since 2016, which has caused the vision in his left eye to deteriorate from 20/80 to 20/200 while his right eye has been stable at 20/400. (Doc. No. 6 at 1.) He says that his keratoconus diagnosis was confirmed in 2019 after his transfer to the Trousdale Turner Correctional Center, and that he was told he would receive corrective surgery to treat the condition, but he has not. (*Id.*) He says blurred vision caused his fall from his top bunk. (*Id.* at 1–2.) Dr. Libeck diagnosed him with a possible sprain and, in addition to ordering the crutches and acetaminophen, told Plaintiff he would be seen for a follow-up in seven days. (*Id.* at 2.) But Plaintiff was never returned to the clinic despite multiple complaints that he was still experiencing pain in his calf and ankle. (*Id.*)

With the addition of those facts, Plaintiff makes it apparent that he has one or more viable

2

causes of action that are worthy of further consideration. He has not, however, presented his entire case in a single amended complaint. His Motion to Amend is not accompanied by an actual proposed amended complaint, and it does not name defendants or specify the relief sought. It simply concludes by saying that "[a]ll other facts in Plaintiff's original complaint remain the same." (Doc. No. 6 at 2.) Neither the Court nor any defendants ultimately served with process in this case should be required to consider multiple separate pleadings from Plaintiff to address his claims. Accordingly, to avoid confusion and maintain clarity in the record, Plaintiff **MUST**, within 21 days of entry of this Order, file a single comprehensive amended complaint in which he identifies his defendants, sets forth every fact necessary to support his claims (including approximate time, date, and place), and specifies the relief he seeks. Plaintiff should take care in his amended complaint to identify the defendant he claims is responsible for each alleged failure to provide adequate care or treatment and to explain in the body of his amended complaint what he claims each defendant did or failed to do in connection with his treatment.[1]

The Clerk of Court is **DIRECTED** to provide Plaintiff with a blank Section 1983 complaint form for Plaintiff's use in drafting his amended complaint. Plaintiff **MUST** include the matter number for this case (3:20-cv-01041) on his amended complaint. Plaintiff is warned that his failure to comply with this Order within the time provided, or to file a timely motion for extension of time to do so, may result in dismissal of this case for failure to prosecute and failure to comply with the Court's Order.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] The Court observes, for example, that Plaintiff's Motion to Amend still does not identify who told Plaintiff that he would receive surgery or who is responsible for the alleged failure to provide the needed surgery.

3

Case 3:20-cv-01041   Document 7   Filed 02/04/21   Page 3 of 3 PageID #: 39