IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER BOSTICK #556296, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-01041 |
| | ) JUDGE RICHARDSON |
| WARDEN BYRD, et al., | ) |
| Defendants | ) |

### MEMORANDUM AND ORDER

The Court dismissed Plaintiff's original Complaint for failure to state a claim upon which relief could be granted. (Doc. No. 4.) But on February 4, 2021, the Court granted Plaintiff's Motion to Alter or Amend Judgment and Motion to Amend Complaint, reopened this case on the Court's docket, and ordered Plaintiff to file his Amended Complaint. (Doc. No. 7.) Plaintiff's Amended Complaint is now before the Court for review.

### I.   INITIAL REVIEW

Title 28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that he has been diagnosed with the eye condition keratoconus since 2016, and that an eye doctor at Vanderbilt confirmed that diagnosis in 2019. (Doc. No. 8 at 7.) Allegedly, a physician has told Plaintiff that his condition requires corrective surgery and that Defendant Johnson, who is identified in the Amended Complaint as "Medical Staff Member Mrs. f/n/u Johnson" at Trousdale Turner Correctional Center (TTCC), would schedule his follow-up to proceed to surgery. (*Id.*) But allegedly that scheduling never happened, and in the past three years, Plaintiff's vision has deteriorated to the point that he is legally blind. (*Id.*) According to Plaintiff, his blurred vision caused him to miss the chair and fall as he was trying to climb down from his top bunk on June 26, 2020. (*Id.*) Plaintiff allegedly went to the prison clinic and saw Dr. Libeck, who told him he had a possible sprain and gave him crutches and acetaminophen. (*Id.*) Plaintiff alleges that Dr. Libeck said Plaintiff would have a follow-up for his injury in seven days, but Plaintiff "still [has] not been seen." (*Id.*)

Based on these allegations, Plaintiff sues Defendant Johnson, Dr. Libeck, the John Doe health administrator of TTCC, and several other members of the TTCC administration to whom

2

he wrote a letter and a grievance about his "situation." (*Id.* at 1–3, 7–8.) He seeks injunctive relief and $1 Million in damages. (*Id.* at 9.)

Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment rights of convicted inmates. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). And the "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. *Farmer*, 511 U.S. at 837. Mere allegations of medical malpractice or negligent diagnosis and treatment do not state an Eighth Amendment claim for cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5).

Plaintiff's allegation that physicians have diagnosed him with an eye condition that requires corrective surgery, and that he has been denied that surgery for years, is sufficient to satisfy this standard. He identifies a serious medical condition for which he has not received the prescribed treatment and alleges that the lack of treatment has led to his legal blindness and to his

injury in a fall. Those facts state a claim for deliberate indifference against Defendant Johnson, whom Plaintiff identifies as the person responsible for facilitating his surgery.

However, the Amended Complaint does not state a claim with regard to the treatment of his presumed sprain. Plaintiff alleges that he received some treatment for that injury, and he does not allege facts that would suggest the treatment was woefully inadequate. Although he was not returned to the clinic for the prescribed follow-up, he does not allege that he continued to experience any pain or lasting injury or that he requested and was denied further medical attention. Nor does he identify anyone responsible for the alleged failure to return him to the clinic for his follow-up.

Nor does Plaintiff state a claim against the individuals whose only involvement in his case was receiving a letter or grievance. Although inmates retain a general right to petition the government for redress of grievances, *Turner v. Safley*, 482 U.S. 78, 84 (1987), they do not have an inherent constitutional right to any particular state-created grievance procedure or even to an effective grievance procedure. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (affirming dismissal of claim that jail staff ignored grievances because inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure"). Mere receipt of a letter or grievance does not establish that a defendant is sufficiently personally involved in either the cause or treatment of an injury, as required to make a defendant liable under Section 1983 in his individual capacity. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (requiring personal involvement in violation for individual liability under § 1983). Plaintiff suggests that the defendants in question are "over the prison" and must be responsible for what goes on inside it, but a supervising official can only be individually liable under § 1983 where "the supervisor either

4

encouraged the specific incident of misconduct or in some other way directly participated in it." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016). Thus, "'at a minimum,' a plaintiff must show that an individual defendant 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.* (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). There are no such allegations in this case. Accordingly, Plaintiff's allegations about the rejection of his grievance and ignoring his complaint letter do not state any claim for relief.

## II. CONCLUSION

For the reasons explained above, this case will proceed solely on the deliberate indifference claim against Defendant Johnson in connection with Plaintiff's untreated eye condition. All other claims and Defendants are **DISMISSED** for failure to state a claim upon which relief can be granted. Dismissal of the claim concerning treatment of Plaintiff's presumed sprain is without prejudice to his ability to further amend his complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure, if he can allege additional facts satisfying the standard explained above and identify one or more proper defendants.

The Clerk is **INSTRUCTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Johnson. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **21 days** of the date of receipt of this Order. Upon return of the service packet, **PROCESS SHALL ISSUE**. Plaintiff is cautioned that the failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b)

of the Federal Rules of Civil Procedure and the Local Rules of Court.  The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

     IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE