IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTOPHER BOSTICK            )
                               )
       v.                      )    NO. 3:20-01041
                               )
WARDEN BYRD, et al.            )

**TO:   Honorable Eli J. Richardson, District Judge**

R E P O R T   A N D   R E C O M E N D A T I O N

By Memorandum and Order entered March 9, 2021 (Docket Entry No. 9), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion for summary judgment of Defendant Laura Johnson (Docket Entry No. 25), to which Plaintiff has responded in opposition. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Christopher Bostick ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. On December 3, 2020, he filed this action *pro se* and *in forma pauperis* against several prison officials, seeking damages and injunctive relief under 42 U.S.C. § 1983 based on allegations that the officials denied him constitutionally adequate medical care at the TTCC in 2019 and 2020.

Although Plaintiff's original complaint was dismissed by the Court for failure to state a claim upon which relief could be granted, Plaintiff subsequently filed an amended complaint (Docket Entry No. 8) and the case was re-opened. *See* Orders entered December 9, 2020 (Docket Entry No. 4), and February 4, 2021 (Docket Entry No. 7). Upon initial review of the amended complaint under 28 U.S.C. §§ 1915(e)(2), the Court found that Plaintiff stated an Eighth Amendment constitutional claim against Laura Johnson ("Johnson"). *See* Docket Entry No. 9 at 3-4. All other claims and defendants were dismissed from the action for failure to state a claim upon which relief can be granted. *Id*. at 5.

Plaintiff's claim against Johnson is based upon an allegation that she was deliberately indifferent to his serious medical needs. Plaintiff alleges that he suffers from a serious eye condition called Keratoconus and that physicians recommended in 2018 and again in 2019 that he have a corrective surgery. *See* Amended Complaint at 7. Plaintiff alleges that "he was told" that Johnson would schedule his follow-up to proceed with the surgery but that the scheduling never occurred. *Id*. Plaintiff alleges that, as a result of not having the surgery, his vision has deteriorated to the point that he was classified by a physician as legally blind. *Id*.

Johnson filed an answer (Docket Entry No. 20), and a period of pretrial activity in the case occurred in accordance with a scheduling order (Docket Entry No. 21) and amended scheduling order (Docket Entry No. 24). Although both parties demand a jury trial, a trial date has not been scheduled pending resolution of Johnson's motion for summary judgment.

2

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Johnson seeks summary judgment in her favor under Rule 56 of the Federal Rules of Civil Procedure. In support of her motion, Johnson submits: (1) a supporting memorandum (Docket Entry No. 26); (2) her own declaration (Docket Entry No. 28); and, (3) a statement of undisputed material facts (Docket Entry No. 27).

Johnson argues that the undisputed evidence shows that she did not act in a manner that violated Plaintiff's constitutional rights. She asserts that she serves as the Health Services Administrative Assistant at the TTCC and served in that role during the time frame at issue in this case. *See* Johnson Declaration at ¶ 3. She contends that her job duties do not include locating, contacting, or scheduling appointments for inmates with offsite providers, but that she is only responsible for inputting relevant information into a web-based system operated by a third party, Inmate Health Services, LLC ("IHS"), which was responsible for contacting the offsite providers and scheduling inmate appointments during the time frame at issue, and then communicating the appointment information to the transportation and security officers at the TTCC. *Id*. at ¶¶ 4-6. Johnson asserts that if an offsite appointment was approved by the Regional Director, she would input the information, wait to be notified by IHS of the date, time and location of the appointment, and then communicate that information to the security and transportation teams. *Id*. at ¶ 5. She asserts that if an offsite appointment was not approved by the Regional Director, she took no further action. *Id*. Johnson contends that, with respect to Plaintiff, she appropriately entered the relevant information regarding Plaintiff's offsite referrals into the web-based system and communicated the relevant information to the security and transportation teams. *Id.* ¶ 8.

3

Plaintiff responds to the motion for summary judgment by submitting a three-page response in opposition. *See* Response (Docket Entry No. 32). Plaintiff's response is not supported by any actual evidence nor has he filed a specific response to Johnson's statement of undisputed material facts. Plaintiff argues:

> Here Johnson was deliberately indifferent to Bostick's medical needs. The in-house medical provider requested offsite consulting multiple times for Bostick. Also the offsite providers requested follow-ups. Johnson admits to entering said request into the web-based systems. Therefor she not only knew of his eye condition but also the seriousness of it. Johnson also admits to doing nothing if the CoreCivic Regional Director denied a request. . . . This was obviously done consciously and is exposing Bostick to the excessive risk of having to maneuver one of the most violent and understaffed prison in the country legally blind. Not to mention the incident where Bostick fell of his bunk causing him to be on crutches for six months.

*See* Response at 3. Plaintiff also contends that his claim is also based upon a violation of his rights protected by the Tennessee Constitution and that Johnson has not contested this claim in her motion. *Id*. at 1.

In reply (Docket Entry No. 33), Johnson argues that: (1) Plaintiff's failure to respond to her statement of undisputed material facts renders those facts undisputed in accordance with the Local Rules of Court; (2) Plaintiff fails to show any factual or legal basis for a finding of liability against Defendant Johnson under the Eighth Amendment; and, (3) Plaintiff's state constitutional claim was not recognized as a colorable claim upon initial screening and, further, the claim lacks merit because a private right of action does not exist to pursue a claim under the Tennessee Constitution

4

## III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is

insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

A. Eighth Amendment Standards

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Although this standard does not require a showing that the Defendant acted with a purpose or intent to inflict harm, the standard is nonetheless a high standard and is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. Plaintiff must show more than medical malpractice or negligence on the part of Johnson because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. *See Estelle*, 429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

B. Motion for Summary Judgment of Defendant Johnson

Summary judgment should be granted to Johnson because there is no evidence in the record that would permit a reasonable jury to find in favor of Plaintiff on his Eighth Amendment claim against her. Johnson has set forth evidence in the form of her own declaration that explains her

duties and her role in the provision of medical care at the TTCC and that rebuts Plaintiff's allegation that she acted or failed to act and thus prevented his medical surgery from being scheduled or prevented him from attending a scheduled surgery. In the face of this affirmative evidence from Johnson, Plaintiff cannot merely rest on the general and somewhat vague allegations that are contained in his pleadings. He must respond with affirmative evidence supporting his claim and establishing the existence of a genuine issue of material fact that requires that his claim be resolved at trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Plaintiff has not met this burden. Indeed, he has presented no evidence in support of his claim.[1] Although Plaintiff's *pro se* status requires the Court to view his filings with some measure of leniency, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), this status does not require the Court to assume facts or evidence that is not in the record or make legal arguments supporting Plaintiff's case. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000). *See also Brown v. Matauszak*, 415 Fed.App'x 608, 613 (6th Cir. 2011); *Payne v. Secretary of Treas.*, 73 Fed.App'x 836, 837 (6th Cir. 2003).

A defendant cannot be held individually liable under Section 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the

---

[1] Plaintiff has also failed to specifically respond to Johnson's statement of undisputed material facts. Local Rule 56.01(f) provides that Plaintiff's failure to respond shall deem the facts asserted by Johnson to be undisputed for the purposes of summary judgment.

allegedly unconstitutional conduct. *Miller v. Calhoun County*, 408 F.3d 803, 817, n.3 (6th Cir. 2005); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). As the party bringing this lawsuit, Plaintiff bears the ultimate burden to set forth evidence showing specific actions or inactions that Johnson took that prevented him from obtaining a corrective surgery, which is the underlying alleged unconstitutional conduct.

There is no such evidence before the Court. Plaintiff's claim against Johnson is based entirely upon speculation and conjecture, and there is no evidence showing a link between something she did or did not do and the ultimate failure of prison officials to provide Plaintiff with a corrective eye surgery. Further, there is a lack of any evidence as to the necessary requirement that Johnson's conduct occurred as a result of deliberate indifference on her part. *See Miller*, 408 F.3d at 812. While it is apparently undisputed that Plaintiff was not taken for the surgery, there is simply no evidentiary basis before the Court upon which a reasonable jury could reach a conclusion that Johnson acted or failed to act in manner that was deliberately indifferent to Plaintiff's serious medical need to be taken for the corrective surgery.

Plaintiff's contention that his case should proceed based upon a claim under the Tennessee Constitution lacks merit. There is no cognizable private right of action for damages based upon alleged violations of the Tennessee Constitution. *See Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Knight v. Montgomery Cty., Tennessee*, 470 F.Supp.3d 760, 769 n.7 (M.D. Tenn. 2020); *Siler v. Scott*, 591 S.W.3d 84, 102 (Tenn. Ct. App. 2019).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion for summary judgment of Defendant Laura Johnson (Docket Entry No. 25) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge