IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BOSTICK, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:20-cv-01041 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| WARDEN BYRD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 35, "R&R") recommending that Defendant Laura Johnson ("Johnson")'s Motion for Summary Judgment (Doc. No. 25, "Johnson's summary judgment motion") be granted. Plaintiff has filed Objections to the R&R. (Doc. No. 37, "Objections").[1] Johnson responded to Plaintiff's Objections (Doc. No. 38, "Response").

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. For the reasons set forth below, the Objections of Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

---

[1] Though the Objections did not appear on the Court's docket until April 13, 2022, five days after the filing deadline for objections to the R&R, the Court will consider Plaintiff's Objections to be timely filed because the Objections indicate that they were postmarked April 7, 2022. (Doc. No. 37 at 11).

## BACKGROUND[2]

The procedural and factual background is sufficiently set forth in the R&R and need not be repeated here in full. (Doc. No. 35 at 1–2). *Pro se* Plaintiff Christopher Bostick is currently incarcerated at Trousdale Turner Correctional Center ("TTCC"). Plaintiff filed this action against several prison officials, seeking damages and injunctive relief under 42 U.S.C. § 1983 based on allegations that the officials denied him constitutionally adequate medical care at TTCC. Upon initial review of the amended complaint under 28 U.S.C. §§ 1915(e)(2), the Court dismissed all claims and defendants other than Plaintiff's single remaining Eighth Amendment claim against Johnson.

Plaintiff asserts that Johnson was deliberately indifferent to his serious medical needs. Plaintiff alleges that "he was told" that Johnson would schedule a follow-up to proceed with corrective surgery related to Plaintiff's serious eye condition (called Keratoconus) after physicians recommended in 2018 and again in 2019 that he undergo a corrective surgery. Plaintiff alleges that because this surgery was never conducted (or even scheduled), his vision has deteriorated to the point that he was classified by a physician as legally blind.

## STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of

---

[2] The R&R states: "Plaintiff has also failed to specifically respond to Johnson's statement of undisputed material facts. Local Rule 56.01(f) provides that Plaintiff's failure to respond shall deem the facts asserted by Johnson to be undisputed for the purposes of summary judgment." (Doc. No. 35 at 7 n.1). Plaintiff objects to the R&R's finding that Plaintiff failed to respond to Johnson's statement of facts. As the Court explains below in more detail, this Objection is overruled because the record does not show that Plaintiff filed a response to the statement of facts. Thus, in reviewing *de novo* any portions of the R&R to which Plaintiff has raised a proper objection, the Court shall deem as undisputed for purposes of this summary judgment motion the facts set forth in Johnson's Statement of Undisputed Material Facts (Doc. No. 27).

the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.[3] Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which

---

[3] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a). Plaintiffs' Objections do not comport with these requirements, but because the Court views the filings of *pro se* litigants with more leniency than it does the filings of represented litigants, the Court will not reject Plaintiffs' Objections out of hand. However, the Court does note that because the Objections are not supported by affidavits and contain only limited citations to the record, the Court can give the Objections only limited weight.

no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

## DISCUSSION

Plaintiff states four objections to the R&R. (Doc. No. 37 at 1–2). The Court will review each objection in turn.

1. <u>"Bostick could not provide evidence [ ] because the defense has not provided him with [requested] documents after multiple requests[s]"</u>

Plaintiff contends that he attempted to receive his medical records on November 8, 2021 and in March of 2022, but never received these records. Plaintiff argues that "without counsel [Plaintiff] could not get the evidence needed and is being overpowered, out manner, and bullied by [Defendant] Johnson and her defense team, who are being extremely difficult and uncooperative." (Doc. No. 37 at 3). The Court interprets this contention to mean that Plaintiff claims he could not respond to Johnson's summary judgment motion with evidence, for the specific reason that he was not provided with requested medical records. This is not actually a specific objection to any proposed finding in the R&R; instead, Plaintiff is simply offering an explanation as to why he could not obtain specific pieces of evidence that he presumably believes would or could have been sufficient to defeat the motion for summary judgment. The Court finds that Plaintiffs' Objections to the R&R are not the appropriate avenue to raise discovery issues,[4]

---

[4] An opposing party's alleged discovery shortcomings should be raised first with the opposing party, and then with the magistrate judge as a discovery matter (including as a motion to compel, if it gets to that point). They should not be raised in the first instance as supposed grounds for defeating a summary judgment motion filed by the other side.

including this particular contention that Johnson (and Johnson's counsel) allegedly refused to provide evidence via the discovery process. Therefore, this objection is overruled.

2. "Bostick did respond to Johnson's Statement of Undisputed Material Facts"

Plaintiff argues that he "replied to Johnson's Statement of Material Facts in his response to said statements which were enclosed with his motion to deny summary judgment (see Exhibit C)." (Doc. No. 37 at 3). However, no response to Johnson's Statement of Facts was submitted with Plaintiff's Response to the Motion for Summary Judgment (as an attached "Exhibit C" or otherwise). (Doc. No. 32). Instead, Plaintiff attaches to his Objections a document labeled "Exhibit C" that appears to be Plaintiff's response to Johnson's Statement of Undisputed Material Facts. (Doc. No. 37 at 9–10). This is the first time the Court is seeing this document, and it appears nowhere else on the record. As such, and even granting Plaintiff the leniency it typically affords *pro se* litigants, the Court cannot consider this document to have been timely filed along with Plaintiff's Response to Johnson's summary judgment motion. Therefore, the Court must overrule Plaintiff's objection that he (supposedly) did respond to Johnson's Statement of Undisputed Material Facts.

3. "Johnson can be held liable under section 1983 in this case"

Plaintiff argues that Johnson can be held liable under section 1983 because "[d]eliberate indifference can be found if defendant knew that there were deficiencies in the medical care system that caused a risk of harm[, and] Johnson clearly knew of these deficiencies because she openly admits to doing nothing is [sic] the Regional Director denied a request even though she knew [Plaintiff]'s eye condition could not be cared for at [TTCC]." (Doc. No. 37 at 3). The Court views this argument to be a cognizable objection to the R&R's finding that Johnson cannot be held liable under Section 1983, because (according to the Magistrate Judge) Plaintiff had shown no evidence

that Johnson "was personally involved in some manner in the allegedly unconstitutional conduct"[5] as required for her to be held individually liable under Section 1983 for constitutional violations. (Doc. No. 35 at 7–8).

The Magistrate Judge's finding in this regard should be confirmed if, as she found: (1) under applicable law, Plaintiff was required to show that Johnson was personally involved in some manner in the alleged unconstitutional conduct; and (2) Plaintiff failed to point to evidence raising a genuine issue as to whether Plaintiff could satisfy such a requirement.

Plaintiff takes aim at the first of these findings, essentially by suggesting that individual liability under section 1983 for Johnson requires merely that Johnson *knew* of alleged *deficiencies in the medical care system* (rather than that Johnson was in some manner *personally involved* in the allegedly *unconstitutional conduct*). Reviewing this question *de novo*, the Court finds no support for Plaintiff's suggestion.

The requirement, for liability to attach to a particular defendant on a deliberate-indifference claim under Section 1983, of that defendant's personal involvement typically arises in the context of a plaintiff asserting a Section 1983 claim against a supervisor. "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting *Miller v. Calhoun County*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005)).[6] But actually this

---

[5] The Court agrees with the Magistrate Judge that in the particular context of the current case, evidence of the requisite personal involvement would mean evidence "showing specific actions or inactions that Johnson took that prevented Plaintiff from obtaining a corrective surgery." (Doc. No. 35 at 8).

[6] "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id.* (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

requirement applies irrespective of whether the defendant is a supervisor. *See Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 491 (6th Cir. 2020) ("'[I]n the face of [a] motion for summary judgment, a § 1983 plaintiff must produce evidence supporting each individual defendant's personal involvement in the alleged violation to bring that defendant to trial.'" (*quoting Jutrowski v. Township of Riverdale,* 904 F.3d 280, 291 (3d Cir. 2018)).

The Magistrate Judge thus applied the correct standard here, and to the extent that Plaintiff objects to the R&R because it applied this standard, and not some lower standard that Plaintiff incorrectly suggests is applicable, such objection is overruled.

The second of the above-referenced two findings of the Magistrate Judge, like the first, is correct. As the Magistrate Judge correctly found, Defendant Johnson met her initial burden, as the summary judgment movant, to preliminarily show the absence of a genuine issue of material fact on this point—*i.e.*, she showed that Plaintiff had not pointed to any evidence whereby a reasonable jury could find the requisite personal involvement for Johnson to be personally liable. (Doc. No. 35 at 6–7).

The evidence submitted by Johnson shows that her role was limited to "serv[ing] as a liaison and coordinat[ing] among the referring medical providers, the schedulers who are responsible for scheduling the offsite appointments, and the security and transportation teams." (Doc. No. 26 at 4 (citing Johnson's Declaration)). According to Johnson's Declaration, when the CoreCivic Regional Director approved an "offsite referral" for medical services, Johnson's responsibilities included entering the relevant information into a system operated by a third party, who would schedule the appointment. (*Id*. at 3). No evidence of record shows that Johnson played a supervisory role in the process of obtaining medical care for inmates at TTCC.

Plaintiff nevertheless asserts that Johnson can be liable because "[she] knew that there were deficiencies in the medical care system that caused a risk of harm" and yet failed to act on such knowledge. (Doc. No. 37 at 3). More specifically, Plaintiff claims that such knowledge is sufficient to establish on the part of Johnson the "deliberate indifference" necessary to sustain a § 1983 claim against Johnson. (Doc. No. 37 at 3). *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2002) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (noting that in order to sustain a claim against defendant for failure to provide adequate medical care to a prisoner, the prisoner must show that the defendant acted with "deliberate indifference to serious medical needs.")).

The deliberate-indifference standard contains both an objective and subjective component: under the objective component, an inmate must show a "sufficiently serious" medical need, and under the subjective component, a plaintiff must show "both that an official knew of her serious medical need *and* that, despite this knowledge, the official disregarded or responded unreasonably to that need." *Downard for Estate of Downard v. Martin*, 968 F.3d 594, 600 (6th Cir. 2020) (emphasis added). Notably, contrary to Plaintiff's suggestion, neither of these components turns on the defendant's knowledge of "deficiencies in the medical care system," whatever that means.

The Court will assume *arguendo* that the objective component is satisfied here, which is to say that Plaintiff's need for corrective eye surgery was sufficiently serious. But Plaintiff has failed to raise a genuine issue as to the subjective component. True, the evidence shows (and neither party appears to dispute) that Johnson knew of Plaintiff's medical need for a corrective surgery, which satisfies part of the subjective component; Plaintiff, however, fails to satisfy the objective component because the evidence shows (and neither party appears to dispute) that Johnson entered the relevant information for an offsite referral into the appropriate system, according to her job responsibilities. (Doc. No. 26 at 4). Thus, it cannot be said that Johnson "disregarded" or

"responded unreasonably" to Plaintiff's medical need. Instead, Johnson responded reasonably and in accordance with her job duties.

Plaintiff seemingly contends that it constituted deliberate indifference for Johnson to fail to go beyond her job duties and ensure that the offsite provider was located and that the surgery was scheduled. But the Court concludes that a reasonable jury could not find the requisite "disregard" or "unreasonabl[e]" response on Defendant Johnson's part based solely on the bald assertion that she should have gone beyond her job responsibilities to ensure that other persons did whatever they had to do to ensure that Plaintiff's serious medical need was tended to. Just because Johnson did not do so does not mean that she was *personally involved* in the alleged unconstitutional failure to provide the applicable medical care to Plaintiff, and the Court finds that a mere showing that Johnson did not go above her pay grade and ensure that others are doing their jobs to provide medical care to Plaintiff is insufficient to raise a genuine issue as to whether Johnson had the requisite personal involvement to be liable herself for deliberate indifference. This objection therefore is overruled.

4. "There is ample evidence that Johnson['s] conduct occurred as a result of deliberate indifference"

Finally, Plaintiff argues that "[t]here is ample evidence that Johnson's conduct occurred as a result of deliberate indifference." (Doc. No. 37 at 3). The Court construes this argument to be an objection to the R&R's finding that "Plaintiff has presented no evidence in support of his claim." (Doc. No. 35 at 7). The only additional evidence Plaintiff claims supports his position (beyond that already considered by the Court above and found to be insufficient) is that "[t]here is clear evidence in [Plaintiff's] medical records, which again he can not receive due to the stubbornness of defense." (Doc. No. 37 at 3–4). But Plaintiff fails to proffer what this "clear evidence" is, and the Court may not invent or imagine what the medical records might show were they available in resolving the

summary judgment motion. And as noted above, Plaintiff's Objections are not the appropriate avenue to raise a discovery dispute regarding his inability to obtain certain medical records, and thus such alleged inability is not grounds for denying Johnson's motion for summary judgment. Therefore, this objection is overruled.

## CONCLUSION

For the reasons discussed herein, the Court overrules Plaintiff's Objections and adopts the Magistrate Judge's Report and Recommendation. (Doc. No. 35). Johnson's summary judgment motion (Doc. No. 25) is **GRANTED**, and Plaintiff's claims are dismissed with prejudice. This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58, and the Clerk is directed to close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE